UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EARNEST COOLEY | CIVIL ACTION NO. 20-cv-0106 |
| VERSUS | CHIEF JUDGE HICKS |
| YRC, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Defendants removed this case based on diversity jurisdiction. Plaintiff, a Louisiana citizen, has filed a motion for leave to amend his complaint to add a previously unknown driver as a defendant. The driver is alleged to also be a citizen of Louisiana, so his addition would destroy diversity and require remand.

Local Rule 7.6 provides: "If a motion for leave to amend proposes to add a party that may destroy diversity of citizenship in a case that was removed from state court based on diversity jurisdiction, the movant must notify the court of the issue and file a memorandum that sets forth facts relevant to the determination that will have to be made under 28 U.S.C. § 1447(e)." Plaintiff's motion does not appear to comply with that rule.

One reason for the rule and its memorandum requirement is so the plaintiff can brief the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987) that guide a decision on whether to grant leave to amend in such circumstances. See Mayo v. C Cross Transp., Inc., No. 18-CV-1040, 2019 WL 2404544 (W.D. La. 2019) (Hornsby, M.J.). Plaintiff will be allowed until **April 30, 2020** to supplement his motion with a memorandum in support. Any party that opposes the motion will be allowed 14 days from

the filing of Plaintiff's memorandum to file a memorandum in opposition, after which plaintiff will be allowed seven days to file a reply. These deadlines supersede those in the notice of motion setting (Doc. 22), but the parties are reminded of its requirement that paper copies of the motion and related memoranda be mailed to chambers.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of April, 2020.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE